Brau Ramírez, Juez Ponente
*682 TEXTO COMPLETO DE LA RESOLUCIÓN
I
La peticionaria Zaida Zapata Oporto reside en Carolina. La peticionaria, quien es original de Costa Rica, estuvo casada con el recurrido Gustavo Lipezker de Curtis, con quien procreó dos hijos durante su matrimonio.
Las partes se divorciaron, previo a los hechos que dan lugar al presente caso, mediante sentencia emitida por el Tribunal de Primera Instancia, Sala Superior de Carolina en el caso FDI2000-0472. La custodia de los menores fue concedida a la peticionaria. El Tribunal fijó las relaciones patemo-filiales con el recurrido.
Posteriormente, surgieron serias desavenencias entre las partes relacionadas a la custodia de los menores.
Para mediados de 2002, la peticionaria solicitó a las autoridades que investigaran al recurrido por alegado abuso sexual de sus hijos, cuando compartían con éste. Las autoridades investigaron la denuncia, pero no hallaron evidencia que sustanciara la misma.
Para abril de 2003, la peticionaria solicitó a la parte recurrida, Departamento de la Familia, que investigara lo anterior, alegando que había encontrado varias fotografías de su hijo en las que éste aparecía mostrando sus partes íntimas. La peticionaria solicitó la intervención de las autoridades. También compareció ante el Tribunal en el caso FDI2000-0472, solicitando la suspensión de las relaciones patemo-filiales. El recurrido se opuso a dicha solicitud.
Las autoridades investigaron la situación expresada por la recurrida, pero no hallaron base para tomar acción alguna contra el recurrido (supuestamente, las fotografías que encontró la peticionaria fueron tomadas por la hermana del menor, sin la intervención del recurrido).
No obstante, como producto de su investigación, el Departamento de la Familia encontró que los menores arrojaban un cuadro de abandono en su hogar, presentando pobre aseo e higiene, y ausentismo escolar crónico. También se encontró que existía una gran desorganización en el hogar que los niños compartían con la peticionaria.
El 18 de marzo de 2004, el Departamento de la Familia presentó una petición de emergencia para obtener la custodia provisional de los menores, al amparo de los arts. 23 y 37 de la Ley Para el Bienestar y Protección Integral de la Niñez, 8 L.P.R.A. see. 446b y 447f (Supl. 2004). El Tribunal concedió lo solicitado. La custodia sobre los menores fue provisionalmente asignada al Departamento de la Familia, quien los colocó en un hogar custodio.
El 7 de abril de 2004, el Tribunal celebró una vista de ratificación de la remoción de los menores del hogar de la peticionaria. Ese día, el recurrido Gustavo Lipezker solicitó intervenir en el procedimiento para ser considerado como posible recurso para asumir la custodia de los menores. El Tribunal admitió la intervención, a pesar de la oposición de la peticionaria.
*683 El 9 de julio de 2004, el Tribunal decretó la suspensión temporera de las relaciones matemo-filiales.
Posteriormente, la peticionaria presentó una moción solicitando la paralización indefinida de las relaciones patemo-filiales, la entrega de los menores a ella, la consolidación del caso instado por el Departamento de la Familia con la controversia existente entre las partes sobre custodia, la asignación del caso a otra trabajadora social y la cancelación de la licencia del hogar custodio.
Estas solicitudes no fueron acogidas por el Tribunal de Primera Instancia. La peticionaria acudió ante este Tribunal mediante el recurso KLCE-2004-00882, el que fue denegado mediante resolución emitida el 8 de julio de 2004.’
La peticionaria también solicitó que se le permitiera someter a los menores a un examen psicológico por una perito contratada por ella. A tales fines, la peticionaria solicitó que se le permitiera examinar copia de los informes psicológicos y otra información preparados por los funcionarios del Estado.
El 12 de agosto de 2004, el Tribunal de Primera Instancia emitió las órdenes recurridas, denegando la solicitud de la peticionaria para que se ordenase la suspensión de las relaciones patemo-filiales. El Tribunal también denegó la solicitud de la peticionaria para que se le permitiera a su perito examinar a los menores y para que se le produjera la información solicitada.
Insatisfecha, la peticionaria acudió ante este Tribunal.
II
En su recurso, la peticionaria plantea que el Tribunal de Primera Instancia erró al declarar sin lugar su solicitud de paralización de las relaciones patemo-filiales, y al no permitirle someter a los menores a una evaluación psicológica y al no proveerle los informes sociales y médicos preparados por el personal del Departamento de la Familia.
La citada Ley Para el Bienestar y Protección Integral de la Niñez, 8 L.P.R.A. sees. 444 (Supl. 2004), según se conoce, persigue la protección de los menores que sean o puedan convertirse en víctimas de maltrato o negligencia. La Ley autoriza al Departamento de la Familia para, en protección de un menor víctima de maltrato o negligencia, solicitar la suspensión de la patria potestad de sus padres y la privación de su custodia. 8 L.P.R. A. sec. 447f (Supl. 2004); véase, además, Vargas, Crespo v. Soler de la Rosa, 160 D.P.R. _ (2004), 2004 J.T.S. 6, a la pág. 516; Depto. de la Familia v. Ramos, 158 D.P.R. _ (2003), 2003 J.T.S. 38, a las págs. 709-710; Depto. de la Familia v. Soto, 147 D.P.R. 618, 632 (1999); Pérez; Ex Parte v. Depto. de la Familia, 147 D.P.R. 556, 565 (1999); Pueblo en Interés Menores R.P.S. et al., 134 D.P.R. 123, 136 (1993).
El estatuto autoriza a los técnicos y trabajadores sociales del Departamento de la Familia, así como a otros funcionarios y profesionales de la salud, a tomar bajo su custodia protectora a un menor por un período de 24 horas, en casos en que ello fuera necesario para su protección. 8 L.P.R.A. sec. 446b (Supl. 2004).
El Departamento de la Familia también está facultado para solicitar la privación temporera de la custodia del menor contra sus padres o encargados en situaciones de emergencia y para la protección del menor. 8 L.P.R. A. sec. 447f (Supl. 2004); Vargas, Crespo v. Soler de la Rosa, 2004 J.T.S. 6, a la pág. 516; Depto. de la Familia v. Ramos, 2003 J.T.S. 38, a las págs. 709-710.
En dichos casos, entre otras alternativas, el menor puede ser colocado bajo las custodia de su padre, madre, familiar, persona responsable del menor, del Departamento de la Familia o su reubicación inmediata a algún otro lugar. 8 L.P.R.A. sec. 449c (Supl. 2004).
*684 El Tribunal viene obligado a celebrar procedimientos posteriores para ratificar dicha actuación, 8 L.P.R.A. sec. 447h (Supl. 2004), y para dar seguimiento a la misma, 8 L.P.R.A. sec. 447j (Supl. 2004).
Se requiere ál Departamento de la Familia rendir informes periódicos de evaluación sobre la situación, progreso físico y/o emocional del menor, así como los servicios ofrecidos. 8 L.P.R.A. sec. 447j (Supl. 2004).
La Ley dispone que toda decisión disponiendo el regreso del menor al hogar, debe estar sustentada por un informe realizado por un trabajador social, psicólogo o siquiatra debidamente licenciado en Puerto Rico. 8 L.P. R.A. sec. 447k (Supl. 2004).
La Ley también dispone que el Departamento de la Familia, de ordinario,, viene obligado a hacer esfuerzos razonables para preservar la integridad familiar, previo a ordenar la remoción de un menor de su hogar y que debe, asimismo, hacer esfuerzos para reunir al menor con su familia. 8 L.P.R.A. sec. 447s (Supl. 2004); Depto. de la Familia v. Soto, 147 D.P.R. a la pág. 632; Pérez; Ex Parte v. Depto. de la Familia, 147 D.P.R. a la pág. 565; Pueblo en Interés Menores R.P.S. et al., 134 D.P.R. a la pág. 136.
El estatuto exime de esta obligación en aquellas situaciones en que “[e]l padre o la madre ha causado daño físico o ha incurrido en maltrato y/o negligencia severa poniendo en grave riesgo la salud e integridad física, mental, emocional del menor”. 8 L.P.R.A. sec. 447s (Supl. 2004).
En estos casos, el Departamento de la Familia goza de la facultad para solicitar aí Tribunal la privación de la patria potestad sobre los menores, 8 L.P.R.A. secs. 447u y 447V (Supl. 2004). No obstante, debe brindarse a las partes una oportunidad razonable de ser escuchadas. Depto. de la Familia v. Soto, 147 D.P.R. a la pág. 643-644.
Los intereses del menor son representados en este procedimiento por el Procurador Especial de Protección a Menores o por el Procurador de Relaciones de Familia, 8 L.P.R.A. sec. 447a (Supl. 2004); cf., Vargas, Crespo v. Soler de la Rosa, 2004 J.T.S. 6, a la pág. 520.
En el presente caso, según hemos visto, la parte peticionaria plantea que el Tribunal erró al denegar su solicitud de que se paralizaran las relaciones patemo-filiales. No entendemos, sin embargo, que el Tribunal hubiera errado en su actuación.
El presente procedimiento envuelve una solicitud presentada por el Departamento de la Familia para que se prive a la peticionaria de su custodia y, posiblemente, su patria potestad, sobre los menores. Dicha solicitud fue presentada al amparo de la facultad concedida a la Agencia por la Ley Para el Bienestar y Protección Integral de la Niñez, 8 L.P.R.A. secs. 446b y 447f (Supl. 2004); Vargas, Crespo v. Soler de la Rosa, 2004 J.T.S. 6, a la pág. 516; Depto. de la Familia v. Ramos, 2003 J.T.S. 38, a la pág. 710.
No está envuelta, como tal, la solicitud de la peticionaria de que se suspendan las relaciones patemo-filiales entre el recurrido y los menores. Dicho asunto es objeto de controversia en el caso FDI2000-0472, que se encuentra ante la consideración del Tribunal de Primera Instancia. Este último caso no ha sido consolidado con la acción de autos, ni estimamos que ello resultaría necesariamente procedente, ya que se trata de solicitudes de remedios distintos presentadas por distintas partes.
En el caso de autos, según hemos indicado, la parte promovente es más bien él Departamento de la Familia. Aunque el Tribunal ha permitido la intervención del recurrido Gustavo Lipezker, la participación de dicha parte en el procedimiento está más bien relacionada a que el Sr. Lipezker pueda ser considerado como un recurso alternativo para la asignación de la custodia de los menores, y no a que éste pueda sustituir al Departamento de la Familia como la parte promovente y contraria a la peticionaria. Cf., Departamento de la Familia v. Soto, 147 *685 D.P.R. a las págs. 635-636.
La peticionaria plantea, en este sentido, que el recurrido no debe ser considerado como recurso, debido a que éste ha incurrido en actos constitutivos de abuso sexual contra sus hijos. No entendemos que, en esta etapa, el Tribunal de Primera Instancia hubiera realizado una determinación definitiva sobre el particular, por lo que no nos corresponde emitir pronunciamiento alguno sobre este asunto.
La peticionaria plantea que el Tribunal erró al no permitirle someter a los menores a un examen psicológico por su perito y al no brindarle acceso a los informes preparados por los funcionarios del Departamento de la Familia.
La Ley Para el Bienestar y Protección Integral de la Niñez autoriza al Tribunal a, durante cualquier etapa de los procedimientos, ordenar que el menor sea examinado física o mentalmente, conforme a lo dispuesto por la Regla 32 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 32. 8 L.P.R.A. sec. 447q (supl. 2004).
Se dispone que los expedientes relacionados con los casos de protección, incluyendo los informes de cualesquiera oficinas, entidades públicas, privadas o privatizadas generados bajo la,ley, serán confidenciales. 8 L.P.R.A. sec. 446f (Supl. 2004); Vargas, Crespo v. Soler de la Rosa, 2004 J.T.S. 6, a las págs. 520-521; Depto. de la Familia v. Soto, 147 D.P.R. a la pág. 632.
El Art. 49 de la Ley dispone, sobre este particular:

“Los informes médicos, al igual que el informe social, serán confidenciales, excepto que el tribunal determine que existe justa causa para la divulgación de la información. Se notificará a la representación legal de las partes copia de los informes para su estudio, el mismo día que se somete. Dichos informes serán admitidos en evidencia a tenor con lo dispuesto en las Reglas de Evidencia. Las partes con derecho a obtener copia de los informes serán responsables de mantener en estricta confidencialidad el contenido de los mismos y limitarán su uso al procedimento establecido en virtud de este capítulo. ”

8 L.P.R.A. sec. 447s (Supl. 2004).
Este privilegio puede ser invocado por el Estado a nombre de los menores, Rodríguez del Valle v. Corcelles Ortiz, 135 D.P.R. 834, 847 (1994).
El Tribunal Supremo de Puerto Rico ha resuelto, sin embargo, que cuando se solicita un examen psicológico de un menor de edad, víctima de un alegado abuso sexual, dicho examen debe ser autorizado solamente cuando la parte solicitante ha ofrecido una justificación adecuada para el mismo, lo que debe ser sopesado contra las consecuencias peijudiciales que podrían ocasionarse a la víctima. Otero v. Delbrey, 144 D.P.R. 688, 703 (1998); Pueblo v. Arocho Soto, 137 D.P.R. 762, 770 (1994).
El Tribunal ha observado que, en este tipo de casos, los exámenes psicológicos de los menores se han convertido en un elemento indispensable en el proceso de adjudicación, lo que ha llevado a que se cometan múltiples abusos. Cuando una parte somete a los menores a evaluaciones por un perito privado, la otra también va a desear hacerlo, lo que convierte el proceso de adjudicación de custodia en uno tedioso y en una batalla de peritos extremadamente adversativa, siendo los niños víctimas inocentes, quienes son sometidos a largas evaluaciones. Pena v. Pena, 152 D.P.R. _ (2000), 2000 J.T.S. 200, a la pág. 577.
Se ha sugerido, en vista de lo anterior, que la mejor alternativa es que el perito sea uno designado por el Tribunal, y que el derecho de una parte a presentar un perito adicional quede subordinado a que se demuestre la necesidad para ello. Id.
*686 En la situación de autos, según hemos visto, los menores han sido evaluados por los funcionarios del Departamento de la Familia y otros peritos designados por el Estado. No surge que la peticionaria hubiera justificado la necesidad de someter a los niños a evaluaciones por peritos adicionales, las cuales, según hemos indicado, podrían afectarles adversamente. Pena v. Pena, 2000 J.T.S. 200, a la pág. 57; Otero v. Delbrey, 144 D.P.R. a la pág. 703, y Pueblo v. Arocho Soto, 137 D.P.R. a las págs. 768-770.
Toda vez que el Tribunal ha optado por no permitir el examen solicitado, no entendemos que el foro recurrido hubiera errado tampoco al denegar la solicitud de la peticionaria de que se le provea copia de los informes preparados por los peritos del Estado. Dicha información, según hemos visto, goza de un carácter confidencial.
La misma podrá ser examinada por la peticionaria, en las circunstancias y siguiendo el procedimiento que dispone la Ley. 8 L.P.R.A. sec. 447r (Supl. 2004).
Por los fundamentos expresados, se deniega el auto solicitado.
Lo pronunció el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.
Aida Ileana Oquendo Graulau
Secretaria General