# 2003 DTA 83

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL I DE SAN JUAN**
**PANEL II**

LERROY LOPEZ MORALES
Demandante-Peticionario

v.

CELESTE REXACH BENITEZ
Demandada-Recurrida

Núm. KLCE-2003-00003

San Juan, Puerto Rico, a 6 de mayo de 2003

Panel integrado por su Presidenta, la Juez Rodríguez de Oronoz,
y las Juezas Peñagarícano Soler y Bajandas Vélez

Bajandas Vélez, Jueza Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Comparece ante nos el Sr. Lerroy López Morales (Sr. López Morales) y nos solicita que revisemos la orden emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI) el 22 de noviembre de 2002, notificada el 3 de diciembre de 2002. En dicha orden, el TPI determinó no autorizar la prueba pericial en trabajo social contratada por el Sr. López Morales en una controversia relativa a la custodia de su hija menor de edad. El TPI fundamentó su negativa en la existencia de una evaluación sobre custodia que se estaba llevando a cabo por los peritos del tribunal, la cual al momento de presentarse el recurso de autos, aún no había concluido.

Por resolución de 31 de enero de 2003, expedimos el auto *certiorari* solicitado y ordenamos a la parte recurrida fijar su posición. Analizadas cuidadosamente las comparecencias de las partes y el derecho aplicable, resolvemos revocar la resolución recurrida y devolver el caso al TPI para la continuación de los procedimientos en forma compatible con lo aquí resuelto.

### I

El 14 de noviembre de 1992, el Sr. Lerroy López Morales y la Sra. Celeste Rexach Benítez contrajeron matrimonio. El 10 de octubre de 1995, nació A.G.L.R. única hija procreada por éstos, quien cuenta actualmente con siete años de edad. Dicha niña, además, tiene un hermano aún menor de edad, producto de un matrimonio previo de la Sra. Rexach Benítez.

Luego de la separación de los cónyuges el 16 de junio de 2002, la Sra. Rexach presentó una petición de alimentos ante el TPI el 12 de agosto de 2002. Apéndice del Peticionario, págs. 1-2. El 13 de septiembre de 2002, el Sr. López Morales presentó su contestación a la misma, y solicitó el divorcio por las causales de adulterio y trato cruel. Apéndice del Peticionario, págs. 3-6. En esa misma fecha, el peticionario presentó además una Moción Urgente en Solicitud de Custodia Provisional y/o Relaciones Filiales Inmediatas. En particular, solicitó al TPI el señalamiento de una vista urgente para dilucidar la custodia provisional de la menor y que se ordenaran las evaluaciones psicológicas y sociales pertinentes. Apéndice del Peticionario, págS. 7-8.

Así las cosas, el 18 de septiembre de 2002, la Sra. Rexach Benítez presentó una Moción Solicitando Remedios Legales Urgentes con Relación a Relaciones Paterno-Filiales. En la misma requirió del TPI una orden urgente dirigida al Sr. López Morales para prohibirle que se acercara a los dos aludidos menores hasta tanto se emitiese una orden fijando las relaciones paterno-filiales con su hija. Apéndice del Peticionario, págs. 18-9.

El 20 de septiembre de 2002, se celebró la vista a esos efectos. Como resultado de ella, el TPI ordenó el 23 de septiembre de 2002 la preparación de un estudio social a ser realizado por la Oficina de Trabajo Social de Relaciones de Familia del TPI. Dispuso asimismo que dicho estudio debía cubrir la patria potestad, la custodia, las relaciones materno y paterno-filiales, y la realización de evaluaciones psicológicas y psiquiátricas al núcleo familiar.

Según surge de la minuta de fecha 24 de septiembre de 2002, ■ el tribunal hizo constar que las medidas allí tomadas irían dirigidas a la menor hija de ambos y no así a su hermano, debido a que en un pleito independiente se había tomado una determinación respecto a éste. Además, el TPI refirió a las partes al Programa de Trabajo Social para tomar medidas en cuanto a la protección de dicha menor y realizarle las evaluaciones psicológicas correspondientes. En cuanto a la custodia provisional se determinó que la misma estaría a cargo de su abuela materna hasta el lunes 23 de septiembre de 2002, fecha en que los padres, la abuela y ambos menores debían comparecer a la oficina de la Trabajadora Social. Asimismo, se dispuso un término de 60 días, a partir del 1 de octubre de 2002, para el descubrimiento de prueba, y se señaló el acto de conciliación para el 22 de octubre de 2002 y la vista de divorcio para el 5 de febrero de 2003.

El mismo día de la vista comenzó el proceso de evaluación social por la Trabajadora Social del tribunal. Mediante orden de 23 de septiembre de 2002, el TPI acogió las recomendaciones ■ de dicha trabajadora social respecto a las relaciones paterno-filiales. El 26 de septiembre de 2002, la Oficina de Servicios Sociales de Relaciones de Familia notificó que el informe social preliminar estaba listo para la consideración del tribunal. Apéndice del Peticionario, pág. 48.

El Sr. López Morales presentó el 25 de septiembre de 2002, una moción solicitando relevo de la orden del 23 de septiembre de 2002. Alegó, entre otras cosas, que dicha orden, sin decirlo expresamente, había concedido la custodia provisional de su hija a su abuela materna, quien reside con la madre de la menor, y sin ser ésta parte del pleito. Apéndice del Peticionario, págs. 39-45.

El 22 de octubre de 2002, previo a la conclusión del estudio social realizado por el tribunal, el Sr. López Morales presentó una Moción Anunciando Prueba Pericial. Informó que había contratado a la trabajadora social Ileana Carrión Maldonado como perito en el caso y que ésta habría de evaluar el hogar paterno y materno y la escuela de la menor. Explicó que resultaba necesario que a ésta se le diera acceso a las partes, a sus hogares, a la trabajadora social del tribunal y a sus informes, además de a todos los informes existentes (sociales, psiquiátricos y psicológicos) relacionados con el caso.

Respecto a dicha moción, el TPI dictó la orden recurrida de 22 de noviembre de 2002, notificada el 3 de diciembre de 2002, la cual textualmente reza: *"LA EVALUACION DE CUSTODIA SE ESTA EFECTUANDO POR LOS PERITOS DEL TRIBUNAL. NO PROCEDE UNA EVALUACION PARALELA."* Apéndice del Peticionario, págs. 71-74. En reconsideración, el tribunal se reiteró en su determinación, indicando que *"LO QUE SE DESCRIBE COMO EVALUACION A REALIZAR ES EL PROCEDIMIENTO QUE UTILIZA LA [TRABAJADORA SOCIAL DEL TRIBUNAL]. NADA QUE DISPONER."* Apéndice del Peticionario, pág. 1.

Inconforme, el Sr. López Morales recurrió oportunamente ante nos señalando que:

*"ERRO EL TRIBUNAL DE PRIMERA INSTANCIA AL DENEGARLE AL RECURRENTE EL DERECHO A QUE LA PERITO SOCIAL POR EL CONTRATADA REALICE EVALUACION DE CUSTODIA, PATRIA POTESTAD Y RELACIONES FILIALES POR EL FUNDAMENTO DE QUE LA EVALUACION SE ESTA EFECTUANDO POR LOS PERITOS DEL TRIBUNAL Y NO PROCEDE UNA EVALUACION PARALELA.*

*ERRO EL TRIBUNAL DE PRIMERA INSTANCIA AL NEGARLE AL RECURRENTE EL DERECHO A CONTAR CON UNA EVALUACION PERICIAL POR EL CONTRATADA A PESAR DE QUE LA*

*TRABAJADORA SOCIAL DEL TRIBUNAL CULMINO SU EVALUACION SOCIAL Y EL RECURRENTE DEMOSTRO LA NECESIDAD DE LA MISMA."*

En esencia, plantea el peticionario que la Regla 59(D) de Evidencia, 32 L.P.R.A. Ap. IV, R. 59 (D), específicamente dispone el derecho de las partes a contratar evidencia pericial adicional respecto al mismo asunto sobre el que informaría el perito del tribunal. Aduce que la negativa del TPI a permitirle la contratación de una trabajadora social para que sustente la reclamación de custodia y patria potestad de su hija constituye una violación a su debido proceso de ley y a su derecho de contar con una evaluación pericial completa. Sostiene, además, que la evaluación social privada que interesa realizar es imprescindible por ser mucho más abarcadora y completa, ya que *"es de conocimiento público ... las limitaciones de tiempo, y por tanto, de esfuerzo que tienen los recursos periciales que trabajan en la Oficina de Relaciones de Familia del Tribunal"*. Recurso de *Certiorari*, pág. 7. Por último, invocando lo resuelto en *Maldonado Mir v. Schade*, **2001 J.T.S. 72**, y *Pena Fonseca et al v. Pena Rodríguez, et al*, **2000 J.T.S. 186** (Sentencia), el peticionario argumenta que, a pesar de la poca uniformidad de criterio que existe en los tribunales de instancia al respecto, la jurisprudencia vigente permite, sujeto a la discreción del tribunal, el uso de peritos psicólogos y sociales privados en los procedimientos judiciales sobre custodia.

Mediante resolución de 31 de enero de 2003, resolvimos expedir el auto y conceder a la parte recurrida quince días para fijar su posición respecto al recurso. Oportunamente, el 18 de febrero de 2003, dicha parte presentó su oposición al recurso de *certiorari*.

En su comparecencia, la parte recurrida se ampara en la Regla 55 de las Reglas de Evidencia, 32 L.P.R.A. Ap. IV, R. 55, la cual otorga facultad al tribunal para limitar el número de peritos presentados por las partes. ■ Resalta que dicha facultad limitadora del tribunal es altamente favorecida, ya que desalienta y evita la batalla de peritos de las partes en corte. Por otra parte, argumenta que los requisitos esbozados en *Pena Fonseca et al v. Pena Rodríguez, supra*, caso que cita el propio peticionario, no se han cumplido, puesto que éste solicitó dicha evaluación antes de que culminase el estudio del tribunal, sin mostrar la necesidad de dicho estudio, y limitándose en su moción a informar, sin más, la contratación de una perito. Concluye la parte recurrida que una vez finalizó el informe del tribunal el 27 de enero de 2003, ■ le corresponde al TPI, y no a este foro, dilucidar la necesidad de un estudio privado, en caso de resultar inadecuado.

El peticionario presentó un escrito de réplica a dicha oposición. Expresó, en síntesis, que al estar en controversia la capacidad de ambos padres para obtener la custodia de una menor, a la parte que así lo solicita le asiste, como parte de su debido proceso de ley, presentar prueba pericial independiente. Sostiene que la denegatoria a tal derecho le privaría del acceso a fuentes de información utilizadas por el perito del tribunal, así como el enfrentar adecuadamente las deficiencias en la evaluación de dicho perito. A manera de ejemplo, el peticionario mencionó algunas de las alegadas deficiencias de dicho informe. ■

El 6 de marzo de 2003, ordenamos a la parte recurrida presentar su dúplica en el término de 10 días. En tal escrito, la recurrida rechazó por *"inapropiadas y prematuras"* las deficiencias señaladas por el peticionario en torno al informe final preparado por la trabajadora social del tribunal. Además, solicitó que el caso fuese devuelto al TPI para el nombramiento de un defensor judicial para la menor y la determinación de la necesidad de un perito independiente cónsono con los requisitos establecidos en el caso *Pena Fonseca et al v. Pena Rodríguez, supra*. Perfeccionado así el recurso entre las partes, pasamos a resolver.

## II

La facultad altamente discrecional que le asiste a los tribunales en materia de peritos ha sido reiteradamente reconocida en nuestro ordenamiento. *San Lorenzo Trad., Inc. v. Hernández*, 114 D.P.R. 704 (1983); *Urrutia v. AAA*, 103 D.P.R. 643 (1975). La Regla 59 (A) de las Reglas de Evidencia, 32 L.P.R.A. Ap. IV, R. 59 (A), autoriza a un tribunal a *"nombrar uno o más peritos para que investiguen y sometan un informe según lo ordene*

*el tribunal, o para que declaren en calidad pericial en el juicio."* Regla 59 (A), *supra.*

En específico, el inciso (D) de dicha regla dispone expresamente el derecho de las partes a presentar evidencia pericial adicional, sujeto a que dicha parte sufrague los honorarios de dicho perito: ■

*"**Esta regla no impedirá que cualquier parte presente evidencia pericial adicional sobre el mismo hecho o asunto sobre el que declara o informa el perito nombrado por el tribunal.** Si la parte presenta su propio perito, pagará sus honorarios sin que dicho pago sea recobrable como costas, a menos que el tribunal discrecionalmente disponga lo contrario."* (Enfasis nuestro.)

Como se sabe, el propósito de la evidencia pericial según consagrada en la Regla 59 es la búsqueda de la verdad y que dicha evidencia sirva de instrumento y ayuda al juzgador para adjudicar, esclarecer o entender ciertos hechos. Dicho propósito, sin embargo, puede quedar frustrado cuando un perito de parte se caracteriza por su parcialidad hacia la parte que lo contrató. Con ella se puede promover la presentación de peritos a favor de una parte con el objetivo de adelantar cierto resultado específico. De ahí, la central importancia que cobra el perito del tribunal que no se identifica con una u otra parte. Ernesto L. Chiesa, *Tratado de Derecho Probatorio,* Tomo I, **Publicaciones JTS**, 2000, págs. 584-585.

En los casos que dilucidan controversias de custodia y relaciones paterno-filiales de menores, sin embargo, el rol tradicional del testimonio pericial necesariamente queda atemperado por consideraciones relativas al bienestar de los menores, todas ellas revestidas del más alto interés público. A tenor con el poder de *parens patriae* del estado, los tribunales tienen del deber de velar por los mejores intereses del menor en todo momento, minimizando en la medida posible el efecto perjudicial que pueda tener un procedimiento judicial en la salud física y emocional de éste.

La Regla 55 de Evidencia, al facultar al tribunal a limitar el número de peritos que podrán ser presentados por las partes, provee una sabia herramienta discrecional para atemperar, por un lado, el derecho de una parte a presentar prueba pericial y, por otro, la protección a las molestias o efecto adverso que el ejercicio de tal derecho puede acarrear en los menores involucrados en los estudios periciales.

Como cuestión de realidad, se ha dicho que los procedimientos judiciales que envuelven menores se prestan a crear abusos, ya que *"si una parte somete a los menores a evaluaciones por un perito privado, la otra parte también va a desear hacerlo ... lo que convierte el angustioso proceso de adjudicación de custodia en una tediosa y extremadamente adversativa batalla de peritos, siendo los niños víctimas inocentes, ...".* Pena Fonseca et al v. Pena Rodríguez, et al, supra, pág. 577. (Opinión de Conformidad del Juez Asociado Corrada del Río).

Así, pues, el nombramiento de un perito del tribunal se ha favorecido tradicionalmente como un medio efectivo para llegar al conocimiento de la verdad, evitando, entre otras cosas, la dilación innecesaria en la tramitación de los casos de privación de patria potestad y custodia. *Pena Fonseca et al v. Pena Rodríguez, supra,* pág. 577.

El Tribunal Supremo, en *Pena Fonseca et al v. Pena Rodríguez, supra,* resolvió que las evaluaciones psicológicas de los menores por los peritos de las partes en dicho caso de custodia deberían realizarse *"previa evaluación de los menores por un perito del Tribunal".* Determinó que el Tribunal de Primera Instancia *"permitirá, a su discreción, evaluaciones psicológicas adicionales realizadas por peritos privados, de así solicitárselo la parte interesada y demostrar la necesidad de las mismas."* Cita, a la pág. 570. Del aludido caso se desprende que, de ordinario, el uso de peritos por una parte en un caso que envuelve menores no está vedado. No obstante, también podemos inferir del mismo que para permitir las evaluaciones psicológicas de parte en los menores: (1) debe existir una previa evaluación psicológica de los menores por un perito del tribunal, (2) que el

tribunal, a su discreción, permita la evaluación adicional, luego de ello ser (3) expresamente solicitado por la parte interesada demostrando la necesidad para dicha evaluación.

En dicho caso, además, la opinión concurrente del Juez Asociado Sr. Baltasar Corrada del Río aclaró que: *"... el hecho de que el Tribunal nombre un perito, no supone que las partes queden despojadas de presentar sus propios peritos. Sin embargo, en los casos donde están envueltos los intereses de un menor, el derecho a presentar peritos privados está limitado por el requisito de demostrar que dichos peritos son necesarios para la resolución de la controversia".* Id., pág. 577.

En fin, la mencionada Opinión de Conformidad precisó que *"en los casos en que el tribunal haya nombrado un perito para evaluar psicológicamente al menor, el examen psicológico por un perito privado sólo debe proceder cuando la parte demuestra una clara necesidad de llevar a cabo el mismo, ya que el realizado por el perito del tribunal fue insuficiente, inadecuado, o que dicho perito no posee el conocimiento o medios para efectuar el examen necesario. En esta situación, el tribunal podrá nombrar como perito a otro que tenga las cualificaciones necesarias, o acceder al examen por un perito nombrado por la parte que lo solicita."* Id., págs. 577-8.

Idéntico raciocinio había sido adoptado por el Tribunal Supremo anteriormente en *Otero v. Delbrey,* 144 D. P.R. 688 (1998), que trataba sobre la realización de evaluaciones psicológicas, por segunda ocasión, a menores víctimas de alegado abuso sexual. En dicho caso, el Tribunal Supremo extendió a casos civiles la norma de naturaleza penal que exige al acusado demostrar un interés importante en la evaluación psicológica de la víctima. ▉ Aclaró que dicho interés deberá justificar la invasión del derecho a la intimidad de la víctima, con el propósito de protegerla de daños emocionales que resulten de repetidas evaluaciones psicológicas.

Más recientemente, en *Maldonado Mir v. Schade, supra,* el Tribunal Supremo tuvo oportunidad de esbozar la forma en que los tribunales deben sopesar los factores pertinentes en relación con los casos de custodia de menores. En el mismo, revocó la determinación de custodia a favor de la madre de la menor, cuando los dos peritos del tribunal, junto con el perito del padre, recomendaron de forma unánime el hogar paterno para la menor. El Tribunal Supremo hizo hincapié en que el foro de instancia cometió error manifiesto al no acreditar la existencia de opinión pericial unánime a favor del padre, cuando dicha opinión incluyó dos peritos del propio tribunal.

En resumen, de conformidad con el derecho y la jurisprudencia antes discutidas, se coligen los siguientes principios que deben guiar la discreción judicial en la evaluación de si autoriza a las partes a usar su propia prueba pericial en casos de custodia de menores cuando el tribunal ha nombrado su propio perito. Cabe destacar primeramente que los tribunales están en la obligación de velar en todo momento el bienestar del menor. En ciertas circunstancias, dicha obligación primordial les obliga a limitar, utilizando su facultad discrecional, el derecho de una o ambas partes a contratar prueba pericial adicional en los casos en que dicha prueba incida sobre el bienestar del menor. El ejercicio de la discreción judicial para admitir dicha prueba deberá sujetarse al estándar de *"necesidad"* que deberá fundamentarse por la parte interesada a satisfacción del tribunal de instancia. Por último, se desprende que el momento idóneo para ejercer dicha discreción judicial ocurre una vez ha concluido el informe pericial del tribunal.

### III

A la luz de la normativa antes expuesta, nos corresponde analizar la actuación del TPI al denegar al peticionario la presentación de una trabajadora social como perito suya en el caso de custodia de su hija. Determinamos que incidió al así proceder.

En su resolución resolviendo la Moción Anunciando Prueba Pericial presentada por el Peticionario, el TPI dictaminó, sin más, que *"...LA EVALUACION DE CUSTODIA SE ESTA EFECTUANDO POR LOS PERITOS*

*DEL TRIBUNAL. NO PROCEDE UNA EVALUACION PARALELA."* Apéndice del Peticionario, pág. 71. En reconsideración, el TPI se reafirmó en su negativa al estimar que *"[L]O QUE DESCRIBE [EL PETICIONARIO] COMO EVALUACION A REALIZAR ES EL PROCEDIMIENTO QUE UTILIZA LA TRABAJADORA SOCIAL DEL TRIBUNAL. NADA QUE DISPONER."* Anejo 1 de la Oposición a *Certiorari*.

Somos del criterio que el TPI no podía descartar de plano, únicamente por razón de resultar *"paralela"*, la investigación social pericial pretendida por el peticionario. La denegatoria del tribunal descansa en dos premisas incorrectas en derecho y a nuestro entender, contrarias a los parámetros establecidos por nuestra jurisprudencia en casos como *Pena Fonseca et al v. Pena Rodríguez et al, supra,* y *Otero v. Delbrey, supra.*

Precisa aclarar que ambos casos han adoptado el criterio de *"necesidad"* a ser demostrada por la parte que interese presentar prueba pericial adicional en casos donde esté en juego el bienestar y la intimidad de los menores. Somos conscientes, sin embargo, que dichos casos tratan de prueba pericial de carácter psicológico y no de naturaleza puramente social, como bien señala el peticionario. Sin embargo, no vemos porqué no debamos adoptar idéntico estándar decisorio en los casos sobre prueba pericial sociológica, ya que los intereses envueltos (el potencial de menoscabo al bienestar del menor y el derecho de una parte a tenor con la Regla 59 de Evidencia a aportar prueba pericial) están, en última instancia, idénticamente contrapuestos.

Primeramente, la determinación recurrida implica que no existe el derecho de una parte a presentar su propia prueba pericial. En segundo lugar, sugiere que la mera participación de un perito del tribunal en el caso descarta por completo el análogo derecho de las partes a aportar sus propios peritos adicionales: nada más lejano a lo contemplado por nuestro ordenamiento, el cual permite, como parte del debido proceso de ley procesal, que las partes puedan presentar evidencia pericial a su favor. Todo ello, claro está, atemperado por ciertas condiciones que persiguen salvaguardar el bienestar del menor.

Dichos requisitos, según indicáramos anteriormente, son los siguientes: (a) que exista una previa evaluación pericial del tribunal, y (b) que la parte que solicite peritaje adicional demuestre ante el Tribunal **la necesidad** de realizar evaluaciones adicionales de esa naturaleza. *Pena Fonseca et al v. Pena Rodríguez et al, supra.*

En el caso de autos, el TPI no contó con los elementos de juicio necesarios para denegar de plano la solicitud del Sr. López Morales, pues dicha determinación se tomó en una etapa previa a la versión final del informe del perito del tribunal. Al no contar con el beneficio del informe final, su denegatoria constituyó un abuso de discreción. Los hechos procesales, según surgen del expediente, evidencian que el TPI tomó su determinación con un estudio social aún preliminar, sin haber podido apreciar el mismo en su versión final.

Una vez sometido dicho informe en su totalidad al escrutinio de las partes, procedía entonces que el TPI determinase, en su sana discreción, si dicho informe resultaba suficiente y adecuado para juzgar la controversia, o si, por el contrario, era necesario permitir a las partes la presentación de peritaje adicional en aras de una solución justa.

Finalmente, como parte del ejercicio de discreción, el TPI debió exigir que las partes acreditaran la necesidad de prueba pericial adicional para sustentar sus respectivas posiciones, según esbozado por la jurisprudencia.

**IV**

Por los fundamentos antes expuestos y habiéndose expedido el auto, se revoca la orden recurrida y se devuelve el caso al TPI para la continuación de los procedimientos en forma compatible con lo aquí resuelto. En consecuencia, se ordena al TPI celebrar, lo antes posible, una vista en la que dilucide si procede autorizar al peticionario a que use prueba pericial social a su favor. El dictamen que emita el TPI, como resultado de dicha vista, deberá estar debidamente fundamentado con determinaciones de hechoS y conclusiones de derecho, de

suerte que la parte que se sienta afectada pueda acudir ante este foro mediante un nuevo recurso.

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

## ESCOLIOS 2003 DTA 83

**1.** Apéndice del Peticionario, págs. 25-26.

**2.** El Sr. López Morales recogería a su hija los lunes y miércoles en el Centro de Estudio a las 5:00 PM, permaneciendo con ella hasta las 8:00PM cuando habría de regresarla a la casa de la abuela materna. Las relaciones paterno-filiales durante los fines de semana se harían de forma alterna. Se permitió la relación con el menor G.R.R., siempre que la madre y el padre biológico así lo autorizaran.

**3.** La Regla 55 de las Reglas de Evidencia, 32 L.P.R.A. Ap. IV, R. 55, dispone: *"El tribunal podrá, en cualquier momento anterior al comienzo del juicio o durante el mismo, limitar el número de peritos que podrán ser presentados por cualquiera de las partes"*.

**4.** Del expediente ante nos surge que el tribunal hizo constar, mediante orden de 6 de febrero de 2003, el recibo del Informe Social Final. Mediante dicha orden, notificada el 7 de febrero, el TPI autorizó a los abogados de las partes a examinar dicho informe. Anejo 3 de la Oposición a *Certiorari*.

**5.** Señaló que la menor siempre fue acompañada por la madre a las evaluaciones del tribunal y estuvo presente en las mismas, careciendo dicha evaluación de equidad. Además, expuso que dicha evaluación carece de validación de las aseveraciones de las partes; que la misma se limitó a observar la estructura física del hogar materno sin tomar en cuenta la dinámica familiar; que las observaciones no son cónsonas con las recomendaciones; y que no se incluyó al hijo de la recurrida como parte del estudio, y por último, que la evaluación carece de balance al considerar cada progenitor. Réplica, pág. 3.

**6.** En cuanto a este extremo en particular (costas del perito de parte), el Profesor Rolando Emmanuelli Jiménez sugiere que: *"Esta norma intenta desalentar el que se utilicen peritos adicionales, a los que el tribunal escoja, para que la litigación no resulte compleja y costosa"*. *Prontuario de Derecho Probatorio Puertorriqueño*, Mayagüez, Puerto Rico, 1994, pág. 373.

**7.** El caso extendió la norma criminal sentada en *Pueblo v. Arocho Soto*, 137 D.P.R. 762 (1994), a los efectos de exigir una *"clara necesidad"* para someter a la alegada víctima a una evaluación psicológica o mental en un caso. Dicha norma ha sido igualmente extendida por el Tribunal Supremo en casos de violencia doméstica. Véase *Pueblo v. Ríos Alonso*, **2002 J. T.S. 41**.