Martínez Torres, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
Los demandantes-peticionarios, Adolfo Reyes y otros, nos solicitan que expidamos el auto de certiorari y que revoquemos una resolución del Tribunal de Primera Instancia, Sala Superior de Carolina (Hon. Sonsire Ramos Soler, Juez), en la que se declaró no ha lugar una moción solicitando un término adicional de noventa (90) días para presentar el informe pericial.
Por los fundamentos que expondremos a continuación, se expide el auto solicitado.
I
El 1 de octubre de 1999, la parte demandante-peticionaria, Adolfo Reyes y otros, presentó demanda de daños y perjuicios contra los demandados-recurridos, Master Aggregates Toa Baja, Corp. y otros (en adelante Master y otros). En la referida demanda Adolfo Reyes y otros, demandantes-peticionarios, alegaron daños sufridos como consecuencia de las explosiones llevadas a cabo por la parte demandada-recurrida, Master y otros, en la cantera. Los daños sufridos por las propiedades fueron estimados en $7,925,000.00 y las angustias mentales fueron estimadas en $4,755,000.00.
El 23 de noviembre de 1999, Master y otros, la parte demandada-recurrida, sometieron interrogatorios a los demandantes-peticionarios, Adolfo Reyes y otros. El 20 de diciembre de 1999, los demandados-recurridos, Master y otros, contestaron la demanda.
El 13 de septiembre de 2000, Master y otros, demandados-recurridos, solicitaron orden del Tribunal de Primera Instancia para que fueran contestados los interrogatorios que fueron sometidos a los demandantes-peticionarios, Adolfo Reyes y otros.
El 3 de octubre de 2000, el Tribunal de Primera Instancia dictó orden en la que requirió a los demandantes-peticionarios, Adolfo Reyes y otros, las contestaciones a los interrogatorios en cinco (5) días y advirtió sanciones en caso de incumplimiento.
El Tribunal de Primera Instancia, el 17 de octubre de 2000, con archivo en autos de copia de la notificación el 23 de octubre de 2000, le concedió a los demandantes-peticionarios, Adolfo Reyes y otros, treinta (30) días adicionales para contestar los interrogatorios.
El 30 de noviembre de 2000, la parte demandada-recurrida, Master y otros,'informó al-Tribunal de Primera *1078 Instancia el vencimiento del término concedido para someter las contestaciones a los interrogatorios.
Así las cosas, el 17 de enero de 2001, el Tribunal de Primera Instancia ordenó a los demandantes-peticionarios, Adolfo Reyes y otros, que justificaran su incumplimiento con la orden emitida por dicho foro.
El 22 de enero de 2001, la parte demandante-peticionaria, Adolfo Reyes y otros, informó al tribunal que estaba trascribiendo las respuestas a los interrogatorios. Explicaron los demandantes-peticionarios, Adolfo Reyes y otros, que el perito contratado había comenzado sus labores, las cuales deberían concluir no más tarde del 30 de abril de 2001 para así poder ofrecer los informes de cada una de las propiedades no más tarde del 30 de julio de 2001.
La parte demandada-recurrida, Master y otros, solicitó el 12 de febrero de 2001, la autorización de los demandantes-peticionarios, Adolfo Reyes y otros, para inspeccionar las propiedades.
El 6 de marzo de 2001, la parte demandante-peticionaria, Adolfo Reyes y otros, informó al Tribunal de Primera Instancia que envió a los demandados-recurridos, Master y otros, ciento cincuenta (150) contestaciones a interrogatorios.
Master y otros, demandados-recurridos, el 18 de julio de 2001, informaron al Tribunal de Primera Instancia que no recibieron las ciento cincuenta (150) contestaciones a los interrogatorios y tampoco la autorización para inspeccionar las propiedades.
El 28 de agosto de 2001, el Tribunal de Primera Instancia ordenó a los demandantes-peticionarios, Adolfo Reyes y otros, enviar las contestaciones a los interrogatorios y la autorización a la inspección de las propiedades o de lo contrario serían sancionados.
Luego, el 17 de agosto de 2002, el tribunal ordenó a las partes a reunirse en el término de treinta (30) días para discutir las respectivas teorías del caso, la culminación del descubrimiento de prueba, intercambiar prueba documental entre otros asuntos. El tribunal ordenó se le informara del resultado de la reunión dentro de los siguientes diez (10) días de su celebración.
El 28 de agosto de 2002, la parte demandante-peticionaria, Adolfo Reyes y otros, informó al Tribunal de Primera Instancia que no se había logrado realizar la reunión ordenada, que se propusieron fechas alternativas durante los meses de septiembre y octubre, y que había acordado contestar los interrogatorios restantes en un plazo de sesenta (60) días.
El Tribunal de Primera Instancia, el 2 de diciembre de 2002, concedió a los demandantes-peticionarios, Adolfo Reyes y otros, veinte (20) días para oponerse a la solicitud de desestimación presentada por la parte demandada-recurrida, Master y otros.
El 5 de diciembre de 2002, los demandantes-peticionarios, Adolfo Reyes y otros, presentaron oposición a la desestimación y solicitaron un término de veinte (20) días adicionales para culminar el descubrimiento de prueba.
Transcurrido el término de veinte (20) días solicitado, el 26 de diciembre de 2002, la parte demandante-peticionaria, Adolfo Reyes y otros, solicitó un término adicional de sesenta (60) días para terminar el descubrimiento de prueba.
El Tribunal de Primera Instancia, el 2 de enero de 2003, ordenó a los demandantes-peticionarios, Adolfo Reyes y otros, a contestar los restantes interrogatorios en cinco (5) días y les advirtió que su incumplimiento *1079 conllevaría una sanción de $150.00 por cada uno de los demandantes.
Así las cosas, el 21 de enero de 2003, la parte demandante-peticionaria, Adolfo Reyes y otros, presentó "Moción solicitando reconsideración y término adicional". Alegó que el término de cinco (5) días para contestar los interrogatorios restantes le resultaba oneroso y solicitó un término adicional de treinta (30) días.
Por último, el Tribunal de Primera Instancia concedió el 27 de enero de 2003 un término final de cuarenta y cinco (45) días para que los demandantes-peticionarios, Adolfo Reyes y otros, completen los interrogatorios, advirtiéndoles que tuvieron más de tres años para el descubrimiento de prueba.
El 17 de julio de 2003, la parte demandada-recurrida, Master y otros, presentó "Moción solicitando se envíe informe pericial o desestimación'.
Los demandantes-peticionarios, Adolfo Reyes y otros, presentaron oposición el 31 de julio de 2003 y solicitaron un término adicional de noventa (90) días para someter los informes periciales.
El 12 de agosto de 2003, el Tribunal de Primera Instancia declaró no ha lugar la solicitud de los demandantes-peticionarios, Adolfo Reyes y otros, del término adicional de noventa (90) días. No conformes, el 11 de septiembre de 2003, la parte demandante-peticionaria, Adolfo Reyes y otros, acude ante nos mediante un recurso de certiorari. A ello, el 4 de diciembre de 2003 le ordenamos a Master y otros que presentara su oposición y discutiera si procedía como alternativa a la sanción impuesta a Reyes y otros, un término perentorio para someter el informe del perito.
Contando con el beneficio de la comparecencia de todas las partes y luego de estudiar el expediente y el derecho aplicable, procedemos a resolver.
II
La Regla 23.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 23.1, expone el alcance del descubrimiento de prueba de la siguiente manera:

“23.1 Alcance del descubrimiento

El alcance del descubrimiento de prueba, a menos que sea limitado de algún modo por el tribunal, de conformidad con las disposiciones de estas reglas, será como sigue:

(a) En General. Las partes podrán hacer descubrimiento sobre cualquier materia, no privilegiada, que sea pertinente al asunto en controversia en el pleito pendiente, ya se refiera a la reclamación o defensa de cualquier otra parte, incluyendo la existencia, descripción, naturaleza, custodia, condición y localización de cualquiera libros, documentos u otros objetos tangibles y la identidad y dirección de las personas que conozcan hechos pertinentes. No constituirá objeción el que la información solicitada sea inadmisible en el juicio, siempre que exista una probabilidad razonable de que dicha información conduzca al descubrimiento de evidencia admisible.

[...]”

Es norma reiterada que el descubrimiento de prueba debe ser amplio y liberal. Durán v. Banco Popular de Puerto Rico, Opinión de 2 de octubre de 2000, 2000 J.T.S. 156, a la pág. 174; Aponte v. Sears Roebuck de P.R. Inc., 129 D.P.R. 1042, 1049 (1992); General Electric v. Concessionaries, Inc., 118 D.P.R. 32, 38 (1986); Lluch v. España Service Sta., 117 D.P.R. 729, 743 (1986); Ades v. Zalman, 115 D.P.R. 514, 517 (1984); Rivera Alejandro v. Algarín, 112 D.P.R. 830, 834 (1982). Por lo tanto, el Tribunal de Primera Instancia tiene amplia *1080 discreción para pautar el procedimiento sobre descubrimiento de prueba que se va a seguir. Vellón v. Squibb Mfg. Inc., 117 D.P.R. 838, 849 (1986).
Nuestro ordenamiento jurídico solamente establece dos limitaciones al descubrimiento de prueba: que la información objeto del descubrimiento no sea privilegiada y que la misma sea pertinente al asunto en controversia. Regla 23.1 de las Reglas de Procedimiento Civil, Ap. III, R. 23.1; Medina v. M.S. & D. Química P.R., Inc., 135 D.P.R. 716, 730-31 (1994); Ortiz Rivera v. E.L.A., National Ins. Co., 125 D.P.R. 65, 70 (1989); General Electric v. Concessionaires, Inc., supra, a las págs. 38-39. Como regla general, el concepto de pertinencia para propósito de descubrimiento de prueba, aunque impreciso, debe ser interpretado en términos amplios. Alfonso Brú v. Trane Export, Inc., Opinión de 20 de septiembre de 2001, 2001 J.T.S. 132, a la pág. 139; General Electric v. Concessionaries, Inc., supra, a la pág. 40. Por eso, para que una materia pueda ser objeto de descubrimiento, basta que exista una posibilidad razonable de relación con el asunto en controversia. Alfonso Brú v. Trane Export, Inc., supra; Rodríguez v. Scotiabank de P.R., 113 D.P.R. 210, 212 (1982). También se ha resuelto que el concepto de pertinencia del descubrimiento es más amplio que el concepto de pertinencia relacionado con la admisibilidad de la prueba conforme a las Reglas de Evidencia. Véase: Rodríguez v. Scotiabank de P.R., supra, a las págs. 212-213; Medina v. M.S. & D. Química P.R., Inc., supra, a la pág. 731.
"[U]n sistema liberal de descubrimiento de pruebas antes del juicio facilita la tramitación de los pleitos y evita inconvenientes, sorpresas e injusticias que surgen cuando las partes ignoran hasta el día de la vista las cuestiones y los hechos que en realidad son objeto del litigio.” Sierra v. Tribunal Superior, supra; véase también, Lluch v. España Service Sta., supra. Bien utilizado, el descubrimiento de prueba acelera los procedimientos, propicia las transacciones y evita sorpresas indeseables en el juicio. Id.
Las Reglas de Procedimiento Civil establecen varios mecanismos para permitir a las partes “descubrir; obtener o perpetuar la prueba necesaria para sustanciar sus alegaciones en el acto del juicio. ” Durán v. Banco Popular de Puerto Rico, supra, a la pág. 174; Rafael Hernández Colón, Derecho Procesal Civil, Michie de P.R., 1997, sec. 2801, pág. 220. Estos mecanismos están basados en el principio básico de que, antes del juicio, las partes tienen derecho a descubrir toda la información relacionada con su caso, independientemente de quién la posea. Durán v. Banco Popular de Puerto Rico, supra; José A. Cuevas Segarra, Práctica Procesal Puertorriqueña, Vol. II, Publicaciones JTS, 1985, pág. 123. Sin embargo, el descubrimiento de prueba no puede ser ilimitado. El tribunal puede limitar su alcance, siempre que con ello se adelante la solución de la controversia de una manera rápida, justa y económica. Alfonso Brú v. Trane Export, Inc., supra. Por eso, la Regla 23.2 de Procedimiento Civil, supra, R. 23.2, establece el mecanismo de órdenes protectoras, con el propósito de proteger a la parte o persona con relación a la cual se utiliza el descubrimiento, de hostigamiento, perturbación u opresión, así como de cualquier gasto o molestia indebida.
Por otro lado, la Regla 34.2 de Procedimiento Civil, supra, concede al tribunal una amplia facultad para imponer sanciones a una parte por negarse a descubrir lo solicitado. Entre las sanciones que contempla dicha regla está la prohibición de presentar cierta materia como evidencia. Ello no obstante, el Tribunal Supremo ha advertido que sanciones como esa deben reservarse para aquellos casos extremos donde, sin duda, la parte afectada ha sido irresponsable o contumaz en el descargue de su obligación de descubrir prueba, y como regla general, sólo deben ser impuestas luego de haberse agotado la alternativa menos drástica de imponer sanciones económicas. Amaro González v. First Federal Savings Bank, 132 D.P.R. 1042 (1993). Esto responde a la política judicial de que los casos se ventilen en los méritos, aunque sin olvidar que éstos deben atenderse de forma rápida, justa y económica. Id.
El Tribunal Supremo ha resuelto en reiteradas ocasiones que, como primera alternativa ante el incumplimiento procesal de una parte, el Tribunal de Primera Instancia debe imponer sanciones económicas al abogado, luego a la parte o a ambos, dependiendo de quién verdaderamente es el responsable del dictamen *1081 judicial fundado en una sanción. Este tipo de sanciones se deben adoptar previo a una disposición que pueda tener el efecto de privar a la parte de su día en corte. Imp. Vilca, Inc. v. Hogares Crea Inc., 118 D.P.R. 679, 686 (1987); Maldonado v. Srio. de Rec. Naturales, 113 D.P.R. 494 (1982).
No empece todo lo anterior, debe quedar claro que una parte no puede cruzarse de brazos y dejar para última hora el inicio del descubrimiento. Los mismos intereses antes mencionados hicieron que se estableciera un límite en las reglas al tiempo que toma el proceso de descubrir prueba. Véase la Regla 23.4 de Procedimiento Civil, supra, R. 23.4; Lluch v. España Service Sta., supra, a las págs. 742-43. Así pues, si bien el tribunal no puede prohibir a una parte hacer uso de los mecanismos de descubrimiento de prueba dentro del término de sesenta días que dispone la Regla 23.4, supra, sí puede regular su extensión, y por supuesto, conserva la facultad de imponer sanciones por el uso impropio, contumaz, oneroso u opresivo de los mecanismos de descubrimiento. Machado Maldonado v. Barranco Colón, 119 D.P.R. 563, 566 (1987).
Por último, el foro de primera instancia es el que debe tomar las medidas necesarias para asegurar que los casos ante sí sean adjudicados correctamente, una vez se descubra la prueba pertinente a la controversia a ser dilucidada. Otero v. Delbrey, 144 D.P.R. 688 (1998). Como norma general, este Tribunal no intervendrá con el trámite pautado por el Tribunal de Primera Instancia sobre el procedimiento de descubrimiento de prueba a menos que se puedan ver afectados los derechos sustanciales de las partes litigantes. General Electric v. Concessionaries, Inc., supra, a la pág. 42. El Tribunal Supremo de Puerto Rico ha establecido que, de ordinario, no se intervendrá con el ejercicio de la discreción del Tribunal de Primera Instancia, salvo que se demuestre que hubo un craso abuso de discreción, que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que la intervención en esa etapa evitará un perjuicio sustancial. Lluch v. España Service Sta., supra.
En este caso, el Tribunal de Primera Instancia denegó la prórroga solicitada por los demandantes-peticionarios, Adolfo Reyes y otros, para presentar el informe pericial. Esta resolución del Tribunal de Primera Instancia los coloca en una situación de indefensión al despojarlos de la prueba pericial. Por eso, el Tribunal de Primera Instancia debió agotar aquellas alternativas menos drásticas como lo son: la imposición de sanciones económicas al abogado o a la parte.
Por lo tanto, abusó de su discreción el Tribunal de Primera Instancia al denegar el plazo adicional de noventa (90) días solicitado por los demandantes-peticionarios, Adolfo Reyes y otros, para presentar el informe pericial.
III
Por los fundamentos anteriormente expuestos, se expide el auto de certiorari, se revoca la resolución del Tribunal de Instancia y se devuelve el caso para la continuación de los procedimientos. El Tribunal de Primera Instancia podrá imponer una sanción al abogado de la parte demandante-peticionaria por su incumplimiento y advertirá a esa parte directamente y a su abogado, que si no someten el informe del perito en el plazo perentorio que fije el tribunal, no se permitirá el uso de la prueba pericial de la parte demandante-peticionaria, Adolfo Reyes González y otros.
Así lo acordó y ordena el Tribunal, y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General