Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| MAYRIM VILLALOBOS SOLÍS, por sí y en representación de la menor M.C.V.<br><br>Parte Recurrida<br><br>v.<br><br>ARQUIDIÓCESIS DE SAN JUAN BAUTISTA DE LA IGLESIA CATÓLICA, ROMANA Y APOSTÓLICA, INC.; COLEGIO NUESTRA SEÑORA DE BELÉN; JESÚS ANTONIO CANALES BRUNO; MENGANO DE TAL y ASEGURADORAS XYZ<br><br>Parte Peticionaria | KLCE202400855 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: GB2021CV00123<br><br>Sobre: Daños y Perjuicios |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Rodríguez Flores y la Jueza Rivera Pérez

Rodríguez Flores, juez ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 6 de septiembre de 2024.

Comparece ante nos el Colegio Nuestra Señora de Belén (en adelante, Colegio o peticionario) mediante el presente recurso de *certiorari* y solicita que revisemos la Resolución y Orden emitida el 9 de julio de 2024, y notificada el 10 de julio de 2024, por el Tribunal de Primera Instancia (en adelante, TPI), Sala Superior de Bayamón. Mediante el referido dictamen, y en lo pertinente al recurso, el TPI declaró no ha lugar la moción solicitando reconsideración promovida por el peticionario para que se le permitiera efectuar un examen forense a Marielle Cardona Villalobos, codemandante y parte recurrida en el caso de epígrafe.

Transcurrido el término dispuesto en la Regla 37 del Reglamento de este Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 37, para que la parte recurrida presentara su memorando en

Número Identificador
SEN2024_____

oposición a la expedición del auto solicitado, sin que ésta hubiera comparecido, damos por perfeccionado el recurso y procedemos a su adjudicación.

**I.**

Se trata de una demanda en daños y perjuicios incoada el 22 de febrero de 2021 por la señora Mayrim Villalobos Solís, por sí y a nombre de su hija Marielle Cardona Villalobos[1], contra la Arquidiócesis de San Juan Bautista de la Iglesia Católica, Romana y Apostólica, Inc. (en adelante, Arquidiócesis de San Juan), el Colegio y otros. Se alegó que, para los años escolares 2016, 2017 y 2018, la codemandante Cardona Villalobos era estudiante del Colegio y fue objeto de agresión sexual por parte de su profesor de religión en las instalaciones de la institución, lo que le ha provocado serios daños emocionales a ella y a la Sra. Villalobos Solís. El Colegio negó estas alegaciones.

El caso se encuentra en etapa de descubrimiento de prueba. En la vista de conferencia sobre el estado de los procedimientos del 11 de junio de 2024, la representación legal del Colegio manifestó que estaba esperando la certificación de la psicoterapeuta de la codemandante Cardona Villalobos -joven de 20 años- para que el perito contratado por el Colegio la evaluara y rindiera un informe. El abogado de las demandantes se opuso a que el perito del Colegio evaluara a la codemandante Cardona Villalobos porque el perito suyo había rendido un informe hacía un año.

Conforme surge de la minuta correspondiente a esa vista, el TPI no permitió que el perito del Colegio realizara a la joven una evaluación sicológica adicional a la ya efectuada por el perito de las demandantes, basado en que a ésta se le tomaría una deposición,

---

[1] Nacida el 25 de febrero de 2004.

cuya fecha quedó pautada en esa misma vista para los días 27 y 28 de junio de 2024.[2]

El 21 de junio de 2024, la Arquidiócesis de San Juan y el Colegio, conjuntamente, presentaron una moción solicitando la reconsideración de la denegatoria al examen forense de la codemandante Cardona Villalobos. Para sustentar su petición, alegaron que en el caso criminal seguido contra el profesor -que concluyó el 23 de junio de 2023, con su absolución– había surgido "testimonio de las codemandantes que denotan serios problemas emocionales en el hogar de éstas, por lo cual la codemandante Cardona Villalobos a lo largo de toda su vida ha recibido tratamiento".[3] Añadieron que:

> [L]a codemandante Cardona Villalobos bajo juramento declaró: "*Yo llevo toda mi vida yendo a psicólogos*". Expresó la codemandante además, que tenía problemas de conducta, pues no aceptaba la autoridad de su madre sobre ella y porque le mentía con frecuencia. Declaró a su vez que la nota baja en religión, para 7mo grado (2016-2017), obedeció a que no había entregado trabajos y que no aprobó, pues no le daba importancia a la clase, pues se afectó mucho emocionalmente por el divorcio de sus padres, por lo que su madre le buscó ayuda durante el 2016.[4]

Por lo anterior, la Arquidiócesis de San Juan y el Colegio arguyeron en su moción que:

> Este historial que se desprende de su testimonio bajo juramento, no aparece recogido en los récords que nos entregaron. Como tampoco tenemos récord que correspondan a 2016, donde empezaron los problemas de la codemandante Cardona Villalobos, como revelan sus notas. Por su parte la perito de las demandadas (sic) se limitó a copiar las alegaciones de la Demanda".[5]

En concreto, adujeron que la evidencia recibida de parte de las demandantes no concordaba con la declaración bajo juramento

---

[2] Véase, *Minuta* de ese día, transcrita el 12 de junio de 2024. Entrada Núm. 255 del Sistema Unificado de Manejo de Casos (SUMAC), en el caso GB2021CV00123.

[3] Inciso número 5 de la *Moción solicitando reconsideración de calendario de descubrimiento de prueba, de determinación sobre examen de co demandante Cardona Villalobos y extensión de término para anunciar tardíamente nuevos testigos.* Apéndice del recurso, pág. 8.

[4] *Íd.,* pág. 14.

[5] *Íd.*

realizada por la codemandante Cardona Villalobos. Por lo anterior, la Arquidiócesis de San Juan y el Colegio solicitaron al tribunal que les permitiera efectuar un examen forense a la codemandante Cardona Villalobos. Aseveraron que resultaba imprescindible contar con una evaluación forense que tomara en cuenta no solamente las alegaciones de la demanda, sino también los problemas en el hogar de la codemandante que le afectaron en el 2016, y que surgían de su testimonio bajo juramento, para así poder defenderse de las alegaciones de daños emocionales.

El 10 de julio de 2024, el TPI notificó la Resolución y Orden que declaró no ha lugar la solicitud de reconsideración promovida por el peticionario para que se le permitiera efectuar un examen forense a la codemandante Cardona Villalobos.

Inconforme con dicha determinación, el 7 de agosto de 2024, el Colegio instó el presente recurso de *certiorari*, en el que formuló los siguientes señalamientos de error:

> 1. Erró el Tribunal *A Quo* al impedir el descubrimiento de prueba de la compareciente.
>
> 2. Erró el Tribunal *A Quo* al no permitir el examen mental de la joven codemandante cuando su condición mental está en controversia.

Ante el asunto planteado, el 29 de agosto de 2024, este Tribunal emitió una Resolución a tenor con la Regla 35(A)(1) de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 35(A)(1), mediante la cual se ordenó la paralización de los procedimientos ante el TPI hasta tanto se dispusiera de este recurso. No obstante, se autorizó que las partes continuaran con aquel descubrimiento de prueba que no incidiera sobre la controversia ante nuestra consideración.

## II.

## A.

El auto de *certiorari* es el vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones

interlocutorias realizadas por un foro inferior. La expedición del auto descansa en la sana discreción del tribunal.[6]

En los casos civiles, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, delimita las instancias en las que procede que este Tribunal de Apelaciones expida el recurso de *certiorari*.[7] La citada Regla establece que el recurso sólo se expedirá cuando se recurra de una orden o resolución bajo remedios provisionales de la Regla 56, *injunctions,* de la Regla 57, o de la denegatoria de una moción de carácter dispositivo. Por excepción, y en el ejercicio discrecional del foro apelativo, se podrá expedir el recurso cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, casos de relaciones de familia, casos revestidos de interés público o cualquier otra situación, en la que esperar por una apelación constituiría un fracaso irremediable de la justicia. Según lo dispuesto en la Regla 52.1, *supra,* al denegar la expedición de un recurso de *certiorari,* el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Ahora bien, aun cuando un asunto esté comprendido dentro de las materias que podemos revisar de conformidad con la Regla 52.1, *supra,* para poder ejercer debidamente nuestra facultad revisora es menester evaluar si, a la luz de los criterios enumerados en la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 40, se justifica nuestra intervención. Estos criterios son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

---

[6] *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce De León v. AIG,* 205 DPR 163, 174 (2020).

[7] *Caribbean Orthopedics v. Medshape et al.,* supra.; *Scotiabank v. ZAF Corp. et al.,* 202 DPR 478, 486 (2019).

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Ello impone a este Tribunal la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de instancia, de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro.[8] Por tanto, de no estar presente ninguno de los criterios esbozados, procede abstenernos de expedir el auto solicitado.

En fin, este Tribunal no habrá de intervenir con el ejercicio de la discreción del Tribunal de Primera Instancia, salvo en "un craso abuso de discreción o que el tribunal [haya actuado] con prejuicio y parcialidad, o que se [haya equivocado] en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial".[9]

**B.**

El propósito del descubrimiento de prueba es: (1) delimitar las controversias; (2) facilitar la consecución de evidencia; (3) evitar las sorpresas en el juicio; (4) facilitar la búsqueda de la verdad, y

---

[8] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008).
[9] *Lluch v. España Service Sta.,* 117 DPR 729, 745 (1986). Véase, además, *Cruz Flores et al. v. Hosp. Ryder et al.,* 210 DPR 465, 497 (2022); *Rivera y otros v. Bco. Popular,* 152 DPR 140, 155 (2000).

(5) perpetuar la prueba.[10]  Por ello, es norma reiterada que el alcance del descubrimiento de prueba es amplio y liberal.[11]

La Regla 23 de Procedimiento Civil, 32 LPRA Ap. V, R. 23, establece aquellos parámetros que regulan el descubrimiento de prueba en los casos civiles.  El inciso (a) de la Regla impone dos limitaciones, a saber: (1) que la información objeto del descubrimiento no sea privilegiada, según los privilegios que se reconocen en las Reglas de Evidencia, y (2) la materia a descubrirse tiene que ser pertinente al asunto en controversia.[12]  Al respecto, el Tribunal Supremo ha expresado que "para que una materia pueda ser objeto de descubrimiento, basta con que exista una posibilidad razonable de relación con el asunto en controversia".[13]

De igual forma, el Tribunal Supremo ha expresado que los tribunales de instancia tienen amplia discreción para regular el ámbito del descubrimiento, pues es su obligación garantizar una solución justa, rápida y económica del caso, sin ventajas para ninguna de las partes.[14]  Al momento de limitar el descubrimiento de prueba según las reglas de procedimiento civil, los tribunales deberán hacer un balance entre estos dos intereses.[15]  Por ello, los foros apelativos no debemos intervenir con tal discreción salvo que medió prejuicio, parcialidad o error manifiesto en la aplicación de una norma procesal o sustantiva.[16]

---

[10] *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 203 (2023); *Torres González v. Zaragosa Meléndez*, 211 DPR 821, 844 (2023), citando a R. Hernández Colón, *Práctica jurídica de Puerto Rico: derecho procesal civil*, 6ta ed., San Juan, Ed. LexisNexis, 2017, Sec. 2802, págs. 333-334.

[11] *Íd.*; *Cruz Flores et al. v. Hosp. Ryder et al.,* 210 DPR 465, 496 (2022); *McNeil Healthcare v. Mun. Las Piedras II*, 206 DPR 659, 672 (2021); *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478, 490 (2019); *Casasnovas et al. v. UBS Financial et al.*, 198 DPR 1040, 1054 (2017).

[12] *Cruz Flores et al. v. Hosp. Ryder et al.,* supra; *Autopistas P.R. v. A.C.T.*, 167 DPR 361, 379 (2006).  Véanse, además: *McNeil Healthcare v. Mun. Las Piedras II*, supra, págs. 673-674; *Ponce Adv. Med. v. Santiago González et al.*, 197 DPR 891, 898-899 (2017).

[13] *Vincenti v. Saldaña*, 157 DPR 37, 54 (2002).

[14] *Cruz Flores et al. v. Hosp. Ryder et al.*, supra.

[15] *Rivera et al. v. Arcos Dorados et al.*, supra; *Rivera y otros v. Bco. Popular*, supra, págs. 154-155; *Lluch v. España Service Sta.*, supra, págs. 742-743.

[16] *Torres González v. Zaragosa Meléndez,* supra, pág. 846, citando a *Rivera y otros v. Bco. Popular,* supra, pág. 155; *McNeil Healthcare v. Mun. Las Piedras II*, supra, citando a I. Rivera García, *Diccionario de Términos Jurídicos,* 3ra ed. Rev., San Juan, LexisNexis, 2000, pág. 70.

La Regla 32.1 de Procedimiento Civil, 32 LPRA R. 32.1, establece las condiciones o límites sustantivos para que un tribunal pueda ordenar un examen físico o mental solicitado por alguna de las partes.  Dicha Regla dispone lo siguiente:

> En un pleito en el cual el estado mental o físico, incluyendo el grupo sanguíneo o la estructura genética de una parte o de una persona bajo su tutela, custodia o patria potestad esté en controversia, la sala ante la cual esté pendiente el pleito podrá ordenarle que se someta a un examen físico o mental por un(a) profesional autorizado(a) por ley para efectuarlo, o para que presente para examen a la persona que esté bajo su tutela, custodia o patria potestad.  En los casos en que la parte formule alegaciones sobre su estado físico o mental, se entenderá que ha renunciado a su derecho a la intimidad sobre aquellos expedientes médicos o sicológicos relacionados con la controversia.  La orden se podrá dictar a solicitud de parte, previa moción y notificación a la parte que haya de ser examinada y a todas las demás partes y en ella se especificarán la fecha, la hora, el lugar, el modo, las condiciones y el alcance del examen y el (la) profesional o los(las) profesionales que habrán de hacerlo.

Conforme a la citada regla, el examen solicitado debe referirse a una parte del pleito y tiene que estar en controversia el estado físico o mental de esa parte.[17]

Respecto a la primera condición, el tribunal no puede ordenar el examen físico o mental de cualquier persona, sino solamente de una que sea parte del pleito.  No tiene que ser una parte adversa al promovente del examen, pero sí se exige que sea alguien que participa en la acción litigiosa.[18]

En cuanto a la segunda condición, para que pueda ordenarse el examen, la parte promovente tiene que demostrarle al tribunal que existe una controversia legítima sobre el estado físico o mental de la persona a ser examinada.[19]  "Las meras alegaciones no bastan. El promovente debe ofrecer datos y razonamientos que le permitan al tribunal decidir que en efecto el examen debe ordenarse porque

---

[17] *Otero v. Delbrey,* 144 DPR 688, 700 (1998).
[18] *Íd.,* págs. 700-701.
[19] *Íd.,* pág. 701.

existe una disputa real sobre la condición física o mental de dicha parte".[20]

El Tribunal Supremo ha expresado que "[l]a facultad de los tribunales para ordenar un examen físico o mental no puede ser ejercida livianamente. Se trata de una facultad *discrecional,* que debe ejercerse sólo después de sopesar los efectos adversos que pueda tener la intromisión personal que representa dicho examen".[21]

Así pues, en los casos civiles, al igual que en los criminales, es necesario que se demuestre la necesidad de someter a una alegada víctima de abuso sexual a una evaluación sicológica. Entonces, el tribunal viene obligado a sopesar el interés de la parte en utilizar los mecanismos de descubrimiento de prueba versus los efectos adversos de una intromisión con la vida privada y el bienestar de una alegada víctima de abuso sexual.[22]

Al determinar si se autoriza a un perito contratado por una parte para realizar una evaluación sicológica o siquiátrica a un menor de edad, el tribunal deberá sopesar, entre otros factores: la naturaleza del examen solicitado, y lo invasivo de éste, la edad del menor involucrado, el efecto o la carga emocional o física que el examen o evaluación conllevará para el menor, el valor probatorio que ese testimonio pericial tendrá sobre la controversia legal planteada ante el tribunal y la evidencia disponible a las partes y al tribunal en ese momento.[23]

Ello tiene el propósito de proteger a la alegada víctima de abuso sexual de sufrir daños emocionales adicionales al someterse a evaluaciones sicológicas que pueden ser innecesarias.[24]

---

[20] *Íd.*
[21] *Íd.*
[22] *Íd.,* págs. 702-703.
[23] *Pena v. Pena,* 164 DPR 949, 963 (2005).
[24] *Otero v. Delbrey,* supra, pág. 703.

**III.**

Expedimos el auto de *certiorari* a tenor con la autoridad que nos concede la Regla 52.1 de Procedimiento Civil, *supra,* para atender, por excepción, dictámenes interlocutorios en los que esperar por una apelación constituiría un fracaso irremediable de la justicia, y los criterios (E) y (G) de la Regla 40 de nuestro Reglamento, *supra.*

En el presente caso, el examen mental se solicita sobre una persona que es parte del pleito, por lo cual, se cumple con el primer requisito de la Regla 32.1 de Procedimiento Civil. Por tanto, y a la luz de la norma jurídica expuesta, procede evaluar si el Colegio planteó debidamente ante el tribunal recurrido una controversia legítima sobre el estado mental de la joven codemandante Cardona Villalobos y, consecuentemente, si el foro primario incurrió en un abuso de discreción al negarse a ordenar la evaluación solicitada.

Para justificar la evaluación que ha solicitado, el Colegio esbozó que, en el caso criminal -seguido contra el profesor de su institución y culminado el 23 de junio de 2023 con su absolución- la codemandante Cardona Villalobos había declarado bajo juramento que ésta lleva toda su vida acudiendo a sicólogos, que tiene problemas de conducta, que no acepta la autoridad de su madre sobre ella y que le miente con frecuencia. El Colegio añadió que la joven había expresado, además, que la baja calificación en la clase de religión mientras cursaba su séptimo grado (año escolar 2016-2017) se debió a que no le dio importancia a la materia y dejó de entregar los trabajos requeridos. Así también reseñó que la menor había testificado que el divorcio de sus padres la afectó emocionalmente y que, por tal razón, su madre le buscó ayuda durante el año 2016.

El Colegio puntualizó que los antecedentes que surgen de tales declaraciones efectuadas por la joven bajo juramento "no

aparece recogido en los récords que nos entregaron. Como tampoco tenemos récord que correspondan a 2016, donde empezaron los problemas de la codemandante Cardona Villalobos".[25] El Colegio afirmó que la perito de la parte demandante se había limitado a copiar las alegaciones de la demanda sin aludir a las circunstancias declaradas por la joven. Por ello, aseveró que resultaba imprescindible contar con una evaluación forense que tomara en cuenta no solamente las alegaciones de la demanda, sino también los problemas en el hogar de la codemandante que le afectaron en el 2016, que surgen de su testimonio bajo juramento, para de esta forma, poder defenderse de las alegaciones de daños emocionales.

En atención a los factores a considerar por el tribunal para determinar si se autoriza a un perito contratado por una parte a realizar una evaluación sicológica o siquiátrica a un menor de edad, el Colegio destacó que la joven cuenta con 20 años; que solamente había sido evaluada por su propio perito para el caso de epígrafe, que ese informe pericial se limitaba a repetir las alegaciones de la demanda sin mencionar las circunstancias emocionales declaradas por dicha codemandante bajo juramento; y, en cuanto a la carga emocional que la evaluación representaría para la codemandante, indicó que ésta ya había prestado declaración sobre los hechos alegados ante los tribunales de justicia con la madurez, seriedad y aplomo que la situación amerita. En cuanto a la evidencia disponible en este momento y el valor probatorio del examen forense solicitado, el Colegio añadió que la única evaluación de los presuntos daños es la provista por la perito de las demandantes y que no cuenta con otra prueba que sustituya la que pueda proporcionar la perito propuesta, Dra. Dor Marie Arroyo (siquiatra), a los fines de auscultar si las circunstancias emocionales

---

[25] Apéndice del recurso, pág. 14.

preexistentes de la joven ocasionaron los daños alegados en la demanda.

Según la demanda, los actos de agresión que han ocasionado los alegados daños reclamados ocurrieron durante los años escolares 2016, 2017 y 2018, contra la codemandante Cardona Villalobos, en las instalaciones del Colegio y por su profesor de la clase de religión. El examen forense solicitado por el Colegio pretende auscultar el estado emocional de la codemandante Cardona Villalobos para el periodo en que se alega que ésta se afectó por los actos descritos en la demanda. El Colegio demostró la importancia de la evaluación adicional, pues adujo hechos que demuestran que el examen solicitado se refiere a circunstancias que no han sido examinadas por la perito de la parte demandante o algún otro especialista en conducta humana, y que puede abonar a su defensa. De tal modo, estableció la necesidad de evaluación sicológica. También demostró que esa necesidad sobrepasa las consecuencias perjudiciales que ello pudiera ocasionar a la joven, quien anteriormente ha realizado declaraciones sobre los hechos alegados.

En fin, un análisis del expediente revela que el Colegio demostró que existe una controversia legítima sobre el estado emocional de la codemandante Cardona Villalobos y estableció una justificación válida para que se le permitiera realizar una evaluación sicológica adicional de la joven. Por consiguiente, concluimos que el foro primario abusó de su discreción al negarse a emitir una orden que permitiera al Colegio realizar una nueva evaluación sicológica de la codemandante Cardona Villalobos.

En virtud de lo anterior, resolvemos expedir el auto de *certiorari* y revocar la Resolución y Orden recurrida, en tanto ésta denegó el examen forense de la joven. Se ordena al foro recurrido emitir una orden para que se realice el examen forense de la

codemandante Cardona Villalobos.  La orden deberá cumplir con las guías y limitaciones que específicamente dispone la Regla 32.1 de Procedimiento Civil, *supra.*

**IV.**

Por los fundamentos expresados, se expide el auto de *certiorari* y se revoca la Resolución y Orden recurrida, en tanto ésta denegó el examen forense de la codemandante Cardona Villalobos.  Se deja sin efecto la paralización de los procedimientos decretada por este Tribunal mediante resolución emitida el 29 de agosto de 2024.  Se devuelve el caso al Tribunal de Primera Instancia para la continuación de los procedimientos en forma compatible con lo aquí dispuesto.

Notifíquese.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones